Case 3:25-mj-00091-RMS   Document 1-1   Filed 01/31/25   Page 1 of 9

United States District Court
District of Connecticut
FILED AT NEW HAVEN
1/31, 20 25
By  N. Langello
    Deputy Clerk

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| IN THE MATTER OF THE SEARCH OF DNA | Case No. 3:25-mj-91 RMS |
|---|---|

## AFFIDAVIT IN SUPPORT OF SEARCH WARRANT

I, Evan Poisson, a Special Agent with the Federal Bureau of Investigation, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION

1. I make this affidavit in support of an application for two buccal DNA swab samples from the following individuals:

   a. MARKEYSE KELLY a.k.a. "Curry," who is currently in custody at the Donald F. Wyatt Detention Facility in Central Falls, Rhode Island.

2. I am an investigative or law enforcement officer of the United States within the meaning of Section 2510(7) of Title 18, United States Code, in that I am empowered by law to conduct investigations and to make arrests for offenses enumerated in Title 18, United States Code, Section 2516. I am a "federal law enforcement officer" within the meaning of the Federal Rule of Criminal Procedure 41(a)(2)(C), that is, a government agent authorized to enforce criminal laws as duly authorized by the Attorney General to request a search warrant.

3. I am a Special Agent of the Federal Bureau of Investigation (FBI) and have been since August 2023. I attended the Basic Field Training Course at the FBI Academy in Quantico, Virginia. During my training at the FBI Academy in Quantico, Virginia, I received instruction on a variety of investigative and legal matters, to include searches, the drafting of search warrant affidavits, and probable cause. I am currently assigned to the New Haven Division of the FBI, where I have been tasked with investigating violent criminal street gangs involving the smuggling,

distribution, and sale of drugs. I have participated in investigations involving the unlawful possession of firearms by prohibited persons, including persons who are previously convicted felons; the possession of firearms in furtherance of the distribution of narcotics; and the use of firearms in the commission of violent acts. Prior to becoming an FBI Special Agent, I was a police officer for seven years in Fairfax County, Virginia. As a police officer, I investigated numerous violations of law, including drug distribution, violent street crimes, and firearms offenses. During my career in law enforcement, I have arrested and interviewed subjects of violent criminal street gangs. I have also spoken to other local, state, and federal law enforcement officers regarding the methods employed by narcotics and firearms traffickers to avoid detection by law enforcement.

## PURPOSE OF THE WARRANT

4. I am currently investigating Markeyse KELLY (DOB xx-xx-1978) and others in connection with drug trafficking offenses, in violation of Title 21 U.S.C. Sections 841(a)(1), (b)(1)(B), and (b)(1)(C), and 846, unlawful possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1), or possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (hereafter collectively referred to as the "Target Offenses").[1].

5. I submit this affidavit in support of a search and seizure warrant for two buccal DNA swab samples from Markeyse KELLY (DOB xx-xx-1978). As discussed below, I believe such DNA swab samples may evidence KELLY's unlawful possession of a firearm in violation of 18 U.S.C. § 922(g)(1) (unlawful possession of a firearm by a convicted felon) and 18 U.S.C. § 924(c) (possession of a firearm in furtherance of a drug trafficking crime).

6. The information supplied in this affidavit is based in part upon an investigation into

---

[1] KELLY is currently detained at a facility in Rhode Island. His prior felony convictions include Possession with Intent to Distribute, for which he was sentenced to 72 months in jail; Possession of Narcotics in 2010 and 2012; Escape 1 in 2010; Assault 1 and Pistol Permit Violation in 2003 for which he received 60 months in prison; and sale of Hallucinogens/Narcotics in 1998.

this matter carried out by the FBI New Haven Safe Streets Task Force. Because this affidavit is being submitted for the limited purpose of securing search a warrant for KELLYS's DNA, I have not included every fact known to me concerning this investigation.

7. On May 13, 2024, the honorable Robert M. Spector signed criminal complaints and arrest warrants for Markeyse KELLY along with two other individuals known to me; along with premises search warrants for 38 Elizabeth Street in West Haven, Connecticut ("Subject Premises 1"); 1207 Ella T Grasso Boulevard, Apartment D, New Haven, Connecticut ("Subject Premises 2"); 308 Shelton Avenue, New Haven, Connecticut ("Subject Premises 3"), and 35C DeStefano Jr Drive in New Haven, Connecticut ("Subject Premises 4"). In addition, search warrants were granted for the following three vehicles used by KELLY; a 2023 Mazda CX-50 bearing Connecticut registration BJ38955 ("Subject Vehicle 1"), a 2014 Mercedes Benz C300 bearing Connecticut registration 405WYZ ("Subject Vehicle 2"), a 2010 Honda Accord bearing Connecticut registration AJ24906 ("Subject Vehicle 3"); and a vehicle used by PRICE, a 2021 Acura TSX bearing Connecticut registration BK45575 ("Subject Vehicle 4"). The warrants were executed on May 14, 2024 (along with a search warrant for Subject Premises 5, the basement floor of 308 Shelton Ave.).

8. As discussed more fully below and in the "**Master Affidavit,**" in support of the above described search warrants, and appended hereto as Attachment A, there is probable cause to believe, and I do believe, that KELLY and others known to me have committed drug trafficking offenses in violation of Title 21 U.S.C. Sections 841(a)(1), (b)(1)(B), and (b)(1)(C), and 846, to wit, possession with intent to distribute, and distribution of controlled substances, including but not limited to methamphetamine, fentanyl, PCP and cocaine. In addition, there is probable cause to believe, and I do believe, as described more below, that KELLY possessed a firearm which was

seized from Subject Vehicle 3 on May 14, 2024, and that the profile of KELLY's DNA may be found on the firearm seized from Subject Vehicle 3.

## PROBABLE CAUSE

9. On or about October of 2023, the FBI New Haven Safe Streets Gang Task Force initiated an investigation into a drug trafficking organization that distributes heroin, fentanyl, methamphetamine and cocaine base, led by KELLY. The investigation employed various investigative techniques, including but not limited to, the gathering of intelligence from confidential informants, the gathering of precise location information on a cellular telephone, the use of court-authorized Pen Register to KELLY's Facebook account, Global Positioning System (GPS) vehicle monitoring and physical surveillance, at times done in conjunction with contemporaneous pole camera surveillance.

10. FBI Safe Streets Gang Task Force conducted ten (10) controlled narcotics purchases from the KELLY. Fentanyl, heroin, methamphetamine and PCP were seized from KELLY as a result of the controlled narcotics purchases. The approximate total seized amounts from controlled purchases included 2,100 grams of methamphetamine pills, more than 100 grams of fentanyl and one ounce of PCP.

11. Following the search of the residences and vehicles, as described below, a New Haven grand jury returned an indictment, charging KELLY along with two codefendants with violations of 21 U.S.C. §§ 841(a), (b)(1)(A), (b)(1)(B), and 846, conspiracy to possess and possession with intent to distribute controlled substances, specifically, 500 grams or more of a mixture or substance containing methamphetamine, and a 40 grams or more of a mixture or substance containing fentanyl, and 922(g)(1), unlawful possession of a firearm/ammunition by a

convicted felon. On August 20, 2024, a New Haven grand jury returned a superseding indictment, however, the charges as to KELLY remained the same.

## SEARCH WARRANT RESULTS

12. As noted above, the Task Force executed several search warrants on May 14, 2024, including search warrants at, among other locations, Subject Premises 1, KELLY's residence, Subject Vehicle 3, the vehicle utilized by KELLY during the investigation, and Subject Premises 3, a residence believed to be utilized by KELLY as a stash location. The results of those searches are described, in part, below:

*38 Elizabeth Street (KELLY's residence) – Subject Premises 1*

13. KELLY's live-in girlfriend, whose identity is known to me, hereinafter referred to as N.M. ("N.M."), advised investigators during the execution of the search warrant on Subject Premises 1 that she had a registered firearm in her nightstand next to the bed she shared with KELLY. Investigators seized a loaded Glock .22 caliber pistol along with two boxes of .22 caliber ammunition from that nightstand.

14. Investigators also located a bag of various caliber ammunition stored in a sock, which was attached to the back of the couch in the living room. I am aware that KELLY is a previously convicted felon who is prohibited from possessing firearms and/or ammunition. Investigators located a small bag of a white powdery substance in the first floor closet next to the bathroom. The white powdery substance field tested positive for fentanyl and weighed approximately 9 grams. DEA lab testing confirmed the presence of methamphetamine in the powder with a weight of approximately 7 grams.

*Honda Accord (KELLY's vehicle) – Subject Vehicle 3*

15. Investigators located a loaded Springfield XD .45 caliber handgun under the driver seat of a Honda Accord, which investigators had observed KELLY operating during the course of the investigation. Three plastic bags containing 57 grams of blue "M30" pills, suspected of being counterfeit fentanyl-containing pills based on the field test, were also located in the center console and seized as evidence. DEA lab testing confirmed the presence of fentanyl in the "M30" pills with a weight of 53.59 grams.

*308 Shelton Avenue (Stash location) – Subject Premises 3*

16. Investigators located 166 grams of blue pills, which field tested positive for fentanyl, in the kitchen area on top of the cabinets in a box. DEA lab testing confirmed the presence of methamphetamine in the pills with a weight of approximately 164 grams.

17. After determining there to be a common area in this multi-family house, which included the basement, an additional warrant was sought. The warrant for the common area of 308 Shelton Avenue was signed by the honorable U.S.M.J. Robert M. Spector of May 14, 2024. Following the execution of the additional warrant, investigators located a loaded Smith & Wesson handgun in a bag just outside the rear exit of 308 Shelton Avenue, which led to a common area. The firearm was in a bag on the floor behind a child's toy car.

18. As articulated more fully in the "**Master Affidavit**," investigators believe that 308 Shelton Avenue was used as a stash house for KELLY. This belief was based on, among other evidence, at least one audio and video recorded controlled purchase of methamphetamine pills from KELLY at 308 Shelton Avenue.

**FIREARMS TESTING**

19.     ATF Task Force Officer Orlando Crespo conducted a firing test and collected DNA[2] swabs for each firearm seized at Subject Premises 1 and Subject Premises 3. The spent shell casings were tested through the National Integrated Ballistic Information Network (NIBIN) on May 15, 2024. NIBIN results for the Springfield XD handgun located in Subject Vehicle 3 indicated the firearm was used in a shooting with no victim on September 7, 2023. NIBIN results for the Smith & Wesson located at Subject Premises 3 indicated the firearm was used in a shooting of an unoccupied vehicle on September 23, 2020. TFO Crespo took DNA swabs from the frame/slide as well as the trigger of each firearm, which were submitted to the Connecticut State Laboratory, Division of Scientific Services ("State Lab") for profile identification. A "complex mixture" DNA profile was identified on at least one of the DNA swabbed areas of each firearm. The Springfield XD DNA swab test identified one individual whose DNA was present in the mixture, and whose identity is known to me but not known to be associated with this case.

20.     In my training and experience, when there is a "complex mixture" identified, there may be multiple DNA profiles available for comparison.

**EXECUTION OF THE WARRANT**

21.      Accordingly, the affiant seeks authorization for a search warrant for DNA from KELLY, as there is probable cause to believe that his DNA profile may match a DNA profile found on the recovered firearms.

22.     KELLY's DNA samples that I am seeking will be collected by buccal swabbing. This method involves taking a sterile swab and gently scrubbing the inside right cheek, then the

---

[2] DNA stands for Deoxyribonucleic Acid and is a molecule in cells that contains the genetic instructions for an organism's development and function. (genome.gov)

inside left cheek, for approximately five to ten seconds. Two samples are requested if one of the samples becomes contaminated or otherwise cannot be tested. The samples seized will be submitted to the State Lab for examination and will be compared to the DNA material obtained from the firearms seized on May 14, 2024, discussed herein.

23. In the event any of the proposed subjects are non-compliant, and due to the potential dangers to both the executing officers and the individual associated with executing a validly issued search warrant on a non-compliant subject, I would request that the Court authorize law enforcement agents and officers to use reasonable measures necessary to restrain that individual for the sole purpose of obtaining a DNA buccal swab. *See In Re Terrorist Bombings of U.S. Embassies in East Africa*, 552 F.3d 157, 171 n.8 (2d Cir. 2008) ("The subject of a validly issued search warrant has no right to resist the search") (citing cases including *Bumper v. North Carolina*, 391 U.S. 543, 550 (1968)); *see also United States v. Bullock*, 71 F.3d 171, 176 (5th Cir. 1965) ("The use of force in taking the [hair and blood] samples was caused by Bullock's refusal to comply with a lawful warrant and was reasonable."). As articulated above, the buccal DNA swabs will be obtained by gently scrubbing the inside of the cheek approximately ten times.

24. It is understood that DNA profiles or partial DNA profiles of more than one person may be located on an object when more than one person has handled an item.

## **CONCLUSION**

25. Based upon the foregoing, there is probable cause to believe, and I do believe, that, obtaining a buccal swab sample from the inside of KELLY's mouth for Serology and

Deoxyribonucleic Acid analysis may provide evidence of a violation of the Target Offenses.

Respectfully submitted,

EVAN POISSON
Digitally signed by EVAN POISSON
Date: 2025.01.31 10:01:49 -05'00'

_____
EVAN POISSON,
FBI SPECIAL AGENT

Subscribed and sworn to me by telephone or other reliable means on this 31st th day of January 2025.

Robert M Spector
Digitally signed by Robert M Spector
Date: 2025.01.31 11:38:52 -05'00'

_____
HON. ROBERT M. SPECTOR
UNITED STATES MAGISTRATE JUDGE

9